UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | | |
|---|---|---|
| JUDITH SCRASE, | ) | |
| | ) | |
| Plaintiff(s), | ) | 2:13-cv-01967-GMN-NJK |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| BRIAN HANSON, | ) | (Docket No. 1) |
| | ) | |
| Defendant(s). | ) | |

Plaintiff Judith Scrase is proceeding in this action pro se and has requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis*. Docket No. 1. Plaintiff also submitted a Complaint on October 28, 2013. *Id.* This proceeding was referred to this court by Local Rule IB 1-9.

**I.** *In Forma Pauperis* **Application**

Plaintiff has submitted the affidavit required by § 1915(a) showing an inability to prepay fees and costs or give security for them. Docket No. 1. Accordingly, the request to proceed *in forma pauperis* will be granted pursuant to 28 U.S.C. § 1915(a). The court will now review Plaintiff's complaint.

**II.   Screening the Complaint**

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to § 1915. Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted,

1 or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.
2 § 1915(e)(2). When a court dismisses a complaint under § 1915(a), the plaintiff should be given
3 leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from
4 the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v.*
5 *United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

6       In addition, the Court has a duty to ensure that it has subject matter jurisdiction over the
7 dispute before it. *See, e.g.*, Fed. R. Civ. P. 12(h)(3). Federal courts are courts of limited
8 jurisdiction and possess only that power authorized by the Constitution and statute. *See*
9 *Kokkonen v. Guardian Life Ins. Co. Of Am.*, 511 U.S. 375, 377 (1994). Plaintiff has not alleged
10 federal jurisdiction exists in this case. Plaintiff does not explicitly list the law(s) under which
11 she brings her claims, but the allegations relate to alleged property damage and appear to arise
12 under state law, so federal question jurisdiction pursuant to 28 U.S.C. § 1331 does not exist.
13 Plaintiff has also not invoked the court's diversity jurisdiction pursuant to 28 U.S.C. § 1332
14 because she alleges that the parties are all Nevada citizens, *see* Docket No. 1-1 at 1, and has
15 failed to allege damages in this case that exceed the jurisdictional minimum of $75,000.

16       Accordingly, the Court **DISMISSES** the complaint with leave to amend.

17 **III. Conclusion**

18       Accordingly, **IT IS ORDERED** that:

19     1. Plaintiff's request to proceed *in forma pauperis* is GRANTED. Plaintiff shall not
20        be required to pay the filing fee of four hundred dollars ($400.00).

21     2. Plaintiff is permitted to maintain this action to conclusion without the necessity of
22        prepayment of any additional fees or costs or the giving of a security therefor.
23        This Order granting leave to proceed *in forma pauperis* shall not extend to the
24        issuance of subpoenas at government expense.

25     3. The Clerk of the Court shall file the Complaint.

26     4. The Complaint is **DISMISSED** for lack of subject matter jurisdiction, with leave
27        to amend. Plaintiff will have until **December 2, 2013** to file an Amended

28

Complaint, if she believes she can correct the noted deficiencies. If Plaintiff chooses to amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., his original Complaint) in order to make the Amended Complaint complete. This is because, as a general rule, an Amended Complaint supersedes the original Complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Local Rule 15-1 requires that an Amended Complaint be complete in itself without reference to any prior pleading. Once a plaintiff files an Amended Complaint, the original Complaint no longer serves any function in the case. Therefore, in an Amended Complaint, as in an original Complaint, each claim and the involvement of each defendant must be sufficiently alleged. Failure to comply with this Order will result in the recommended dismissal of this case without prejudice.

Dated: October 29, 2013

_____
NANCY J. KOPPE
United States Magistrate Judge

- 3 -