1
2
3
4
5
6
7          UNITED STATES DISTRICT COURT
8              DISTRICT OF NEVADA
9                   * * *
10 JUDITH SCRASE,                     )
                                      )
11              Plaintiff(s),         )    2:13-cv-01967-GMN-NJK
                                      )
12 vs.                                )    **REPORT AND**
                                      )    **RECOMMENDATION**
13 BRIAN HANSON,                      )
                                      )    (Docket No. 4)
14                                    )
                Defendant(s).         )
15 _____)

16    Plaintiff Judith Scrase is proceeding in this action *pro se*. On October 29, 2013, the

17 Court granted Plaintiff's request pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis*.

18 Docket No. 2. The Court further screened the complaint pursuant to 28 U.S.C. § 1915(e)(2) and

19 found that it failed to sufficiently allege subject matter jurisdiction. Docket No. 3. The Court

20 allowed Plaintiff an opportunity to amend her complaint, and that amended complaint has now

21 been filed. Docket No. 4. This proceeding was referred to this Court by Local Rule IB 1-9.

22    Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a

23 complaint pursuant to § 1915. Federal courts are given the authority to dismiss a case if the

24 action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted,

25 or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §

26 1915(e)(2). When a court dismisses a complaint under § 1915(a), the plaintiff should be given

27 leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from

28 the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v.*

1 *United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

2     In addition, the Court has a duty to ensure that it has subject matter jurisdiction over the
3 dispute before it. *See, e.g.*, Fed. R. Civ. P. 12(h)(3). Federal courts are courts of limited
4 jurisdiction and possess only that power authorized by the Constitution and statute. *See*
5 *Kokkonen v. Guardian Life Ins. Co. Of Am.*, 511 U.S. 375, 377 (1994). Plaintiff has not alleged
6 federal jurisdiction exists in this case. Plaintiff does not explicitly identify her cause of action,
7 but the allegations relate to alleged property damage and it appears that Plaintiff attempts to
8 bring a claim for negligence under Nevada law. *See* Docket No. 4 at 2-3 (outlining elements for
9 negligence and citing *Scialabba v. Brandise Constr. Co. Inc.*, 112 Nev. 965, 968 (1996)). As
10 this claim arises under state law, federal question jurisdiction pursuant to 28 U.S.C. § 1331 does
11 not exist.[1] Plaintiff has also not invoked the Court's diversity jurisdiction pursuant to 28 U.S.C.
12 § 1332, because she alleges that the parties are all Nevada residents, *see* Docket No. 4 at 1.

13     In short, state courts generally adjudicate claims for negligence, and this Court does not
14 have subject matter jurisdiction over the claim as alleged here.

15     Accordingly, **IT IS RECOMMENDED** that Plaintiff's action be **DISMISSED** without
16 prejudice. **IT IS FURTHER RECOMMENDED** that the Clerk of the Court enter judgment
17 accordingly.

18 **NOTICE**

19     These findings and recommendations are submitted to the United States District Judge
20 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days
21 after being served with these findings and recommendations, any party may file written

---

[1] Plaintiff also refers to her desire to "claim[] her rights under Amendment XIV entitling her to due process of law, and to equal protection of the laws." Docket No. 4 at 2. The United States Constitution itself does not create a federal cause of action; instead, suits alleging the violation of constitutional rights must be brought pursuant to 28 U.S.C. § 1983. *E.g., Azul-Pacifico, Inc. v. City of Los Angeles*, 973 F.2d 704, 705 (9th Cir. 1992). To state a claim under section 1983, a plaintiff must allege that a right secured by the Constitution has been violated, and the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988) (citation omitted). Plaintiff here has neither alleged facts showing a constitutional violation nor that Defendant is a state actor.

1  objections with the court.  Pursuant to Local Rule of Practice (LR) IB 3-2(a), any party wishing
2  to object to the findings and recommendations of a magistrate judge shall file and serve *specific*
3  *written objections* together with points and authorities in support of those objections, within
4  fourteen days of the date of service of the findings and recommendations.  The document should
5  be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties
6  are advised that failure to file objections within the specified time may waive the right to appeal
7  the District Court's Order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).  The points and
8  authorities filed in support of the specific written objections are subject to the page limitations
9  found in LR 7-4.

10  IT IS SO ORDERED.
11  DATED: December 6, 2013

13  NANCY J. KOPPE
United States Magistrate Judge